UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE C. MUSTIN,

    Petitioner,

vs.                                                        Civil Case No. 07-10907
                                                        Crim. Case No. 05-80265

UNITED STATES OF AMERICA,              HON. AVERN COHN

    Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 22 U.S.C. § 2255. Petitioner Willie C. Mustin (Petitioner) pled guilty to conspiracy with intent to distribute 50 grams of cocaine, in violation of 21 U.S.C. § 841, and was sentenced to 87 months imprisonment. He filed a motion under § 2255 claiming that (1) his trial counsel was ineffective under the Sixth Amendment, and (2) his Fourth Amendment rights were violated. The government contended that Petitioner's Sixth Amendment claim lacked merit and his Fourth Amendment claim was not cognizable. The Court agreed with the government and denied the motion. See Memorandum and Order Denying Motion under 28 U.S.C. § 2255, filed April 17, 2007. The Court also denied Petitioner's motion for reconsideration. See Order filed May 21, 2007.

Petitioner seeks to appeal.

1

II.

Before Petitioner can appeal the Court's decisions, a certificate of appealability (COA) must issue.  See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'"  A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Having carefully reviewed the file, the Court finds that for all the reasons stated in the April 17, 2007 order, reasonable jurists would not debate whether Petitioner's ineffective assistance of counsel claim or Fourth Amendment claims deserve to proceed further of that the Court otherwise erred in denying the motion. Accordingly, a COA is DENIED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 12, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160